# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JESSICA LEANN COUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-01317-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **REMANDED**.

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer

heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found that Plaintiff suffers from the following severe impairments: migraine headaches, depression, and anxiety disorder. The ALJ also determined that Plaintiff has the following non-severe impairments: kidney stones and a musculoskeletal impairment. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with non-exertional limitations.[1] Next, the ALJ found that Plaintiff had no past relevant work experience, and that considering Plaintiff's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ therefore found that Plaintiff was not disabled.

On appeal, Plaintiff presents the following arguments in support of reversal: (1) whether the ALJ's RFC determination regarding Plaintiff's mental and physical impairments are supported by substantial evidence, and (2) whether the ALJ sustained his burden at step five of the Social Security appeals process.

**I.    Whether the ALJ's RFC Determination is Supported by Substantial Evidence**

Substantial evidence exists to support the ALJ's RFC determination regarding the Plaintiff's mental and physical impairments. The Court will first address the RFC in relation to the mental impairments and then address RFC in relation to the physical impairments.

**A.  Mental Limitations**

Plaintiff argues the ALJ erred in the weighing of Dr. McDaniel's, one time examining psychologist; Dr. Lewis', non-examining state agency physician; and Dr. Vauginaux's, Plaintiff's treating psychologist, opinions.

---

[1] The ALJ provided the following non-exertional limitations: the Plaintiff should never climb ladders, ropes, or scaffolds; avoid concentered exposure to excessive noise, hazardous machinery, and unprotected heights; avoid even moderate exposure to excessively bright lights; Plaintiff is capable of maintaining concentration, persistence, and pace for extended periods, up to two hours; Plaintiff can understand, carry out, and remember simple instructions and procedures and make simple work-related decisions; and Plaintiff is limited to occasional and superficial interaction with coworkers and the public.

Substantial evidence supports the ALJ's decision to give Dr. McDaniel's opinion significant weight because Dr. McDaniel's opinion was well-supported by the mental status testing and consistent with the other medical evidence of record. Plaintiff argues less weight should be given to Dr. McDaniel's opinion because Dr. McDaniel examined Plaintiff shortly after Plaintiff applied for disability benefits and without the benefit of the entire record. However, there is no indication any significant change in circumstances occurred after his examination and during the relevant period. Next, Plaintiff argues Dr. McDaniel's opined GAF score of sixty should not be given significant weight because GAF score are disfavored, and the ALJ acted inconsistently in giving Dr. McDaniel's GAF score significant weight while discounting other providers' GAF scores.[2] The ALJ gave little weight to Dr. Parsell's and the social worker Cynthia Taylor's scores of forty and thirty-four, respectively. The ALJ gave little weight to these scores because the low GAF scores were inconsistent with Plaintiff's treatment history and each score was issued at the beginning of treatment with the corresponding provider.[3] The ALJ also notes the Plaintiff's treatment records are more probative because the treatment records demonstrate the Plaintiff's good response to medications and Plaintiff's overall stability. Accordingly, substantial evidence supports the ALJ's decision to give Dr. McDaniel's opinion significant weight.

Next, Plaintiff argues substantial evidence does not support the ALJ's consideration of Dr. Lewis' opinion. Plaintiff cites *Arn v. Astrue* for the proposition that the ALJ cannot rely on a state agency non-examining physician's opinion when the opinion was issued long before the hearing and not based on the full record, but *Arn* is distinguishable from this case. *Arn v. Astrue*, 2011 WL 3876418 (W.D. Mo. Sept. 1, 2011). In *Arn*, the ALJ relied heavily, and only, on the state agency non-examining physician. *Id.* at 6. Here, the ALJ did not solely rely on Dr. Lewis' opinion. Plaintiff next argues less weight should be given to Dr. Lewis' opinion because he

---

[2] While a GAF score may help an ALJ assess the mental RFC, it is not raw medical data. *See Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010) (a GAF score is a subjective determination that represents the provider's judgment of the plaintiff's overall level of functioning); *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) ("while GAF scores may be relevant to the determination of disability based on mental impairments, an ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it"); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (an ALJ is not required to determine the extent of a plaintiff's mental disability based entirely on GAF scores).

[3] A GAF score of fifty or less is incompatible with the ability to work. *Pate-Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir. 2009).

examined Plaintiff shortly after Plaintiff applied for disability benefits and without the entire record; however, there is no indication that any significant change in circumstances occurred after this examination and during the relevant period. Further, the ALJ did not give Dr. Lewis' opinion weight as a medical opinion. Accordingly, substantial evidence supports the ALJ's consideration of Dr. Lewis' opinion.

The Court is unable to determine if substantial evidence supports the ALJ's decision to afford treating psychologist Dr. Vauginaux's opinion no weight. The ALJ may discount a treating psychologist's opinion when (1) a non-examining opinion is supported by superior medical evidence or (2) if the treating physician offered an opinion inconsistent with the treating physician's own treatment notes. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ contends Dr. Vauginaux's opinion is inconsistent with his own treatment notes, thus it was proper to discount Dr. Vauginaux's opinion. The Defendant cites to a provider's note that Plaintiff was able to go on a camping trip for one week without a panic attack. Specifically, Plaintiff did not have a panic attack on the trip beginning on 8/13/2015 and ending on 8/20/2015. However, shortly after the camping trip, Plaintiff had two panic attacks. The Court finds the above evidence insufficient to determine if Dr. Vauginaux's treatment notes are inconsistent with Dr. Vauginaux's opinion. Accordingly, the matter is remanded to the ALJ to reevaluate the evidence and fully develop the record regarding the basis for his contention that Dr. Vauginaux's treatment notes are inconsistent with his medical opinion.

### B. Physical Limitations

Substantial evidence to support the ALJ's RFC determination regarding Plaintiff's physical limitations, or lack thereof. Plaintiff argues the ALJ had a duty to develop the record because there are no opinions regarding Plaintiff's physical limitations regarding Plaintiff's headaches. However, no crucial issue in the record remains undeveloped because there is medical evidence in the record concerning Plaintiff's headaches, and the ALJ considered such evidence in formulating the RFC.[4] Because no crucial issue remains undeveloped, the ALJ was not required to further develop the record. *See Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (the RFC calculation must be supported by some medical evidence); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("Although that duty [to fully develop the record] may include re-

---

[4] The Plaintiff's RFC limits Plaintiff's concentrated exposure to excessive noise, hazardous machinery, and unprotected heights. Further, the RFC limits Plaintiff to minimum exposure to excessively bright lights.

contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped"); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[the ALJ] does not, however, have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (an "ALJ is required to order medical examinations and tests only where the medical records presented to him do not provide sufficient medical evidence to determine whether the claimant is disabled"). Here, substantial evidence exists in the record to support the ALJ's RFC determination with respect to Plaintiff's physical limitations due to headaches.

## II. Whether the ALJ Sustained his Burden at Step Five

Substantial evidence supports the ALJ's finding at step five that work exists in the national economy that Plaintiff can perform. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). *See Titus v. Callahan*, 133 F.3d 561, 563 (8th Cir. 1997) (the Commissioner retains the burden at step five to provide substantial evidence that the plaintiff can perform the duties of the specified jobs). Plaintiff argues a conflict exists between the VE's testimony and the Plaintiff's RFC. *See Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (the ALJ has a duty to resolve any conflict between the VE's testimony and the RFC, and the failure to do so precludes the ALJ from relying on the VE's testimony to find a plaintiff not disabled). The VE testified Plaintiff could perform work as a cleaner/housekeeper (DOT 323.687-014) and electronics worker (DOT 726.687-010). The RFC limitation applicable here limits Plaintiff to occasional and superficial interaction with co-workers and the public.

### A. Cleaner/Housekeeper

Plaintiff argues the job of cleaner/housekeeper is in conflict with the RFC because the RFC limits Plaintiff to no more than occasional and superficial interaction with the public, but the job duties of cleaner/housekeeper require rendering personal assistance to patrons. *See Robeson v. Colvin*, 2014 WL 353283, at *2, 4 (W.D. Mo. Jan. 30, 2014) (although the RFC limited plaintiff to no personal interaction with the public, the ALJ found the job of cleaner/housekeeper was not inconsistent with the RFC and plaintiff could perform the job duties including rendering personal assistance to patrons) ("The DOT is not a list of job requirements and should not be treated as such . . . there can be a subset of housekeeping jobs that require no personal assistance to patrons"); *Hulsey v. Astrue*, 622 F.3d 917, 925 (8th Cir. 2010) (the job duties of cleaner/housekeeper, DOT 323.687-014, are not incompatible with RFC limiting

5

plaintiff only to superficial interpersonal contact with patrons).[5] Accordingly, substantial evidence supports the ALJ's finding at step five that Plaintiff could perform the duties of cleaner/housekeeper.

### B. Electronics Worker

The VE also testified Plaintiff could perform the job of electronics worker, DOT 726.687-010. Plaintiff first argues the VE's testimony is in conflict with the RFC because the job of an electronics worker requires receiving verbal or written instructions from supervisors; however, the RFC does not limit or address Plaintiff's interaction with supervisors. Plaintiff argues the omission of Plaintiff's interaction with supervisors was in error because unskilled work, such as an electronics worker, requires an ability to interact with supervisors.[6] However, the omission of supervisors from the RFC indicates the ALJ found no significant limitation in Plaintiff's ability to interact with supervisors. *See Evans v. Colvin*, 2013 WL 6817008, at *9 (E.D. Mo. Dec. 26, 2013) (the ALJ was not required to include a physician's mild limitations in the RFC when the ALJ considered the effects of such impairment when assessing the RFC) (due to the ALJ's "lack of inclusion of mental limitations in the RFC, it is reasonable to conclude that the ALJ implicitly found such limitations not to impose significant restrictions on Plaintiff's ability to perform gainful employment"). Second, Plaintiff argues the VE's testimony is in conflict with the RFC because the job of an electronics worker would require Plaintiff to be exposed to toxic chemicals up to 1/3 of an eight hour work day, and this exposure would aggravate Plaintiff's migraines. Plaintiff asserts the ALJ failed to develop the record regarding functional limitations that would result from Plaintiff's headaches. However, an ALJ has a duty to develop the record only when a crucial issue remains undeveloped. *See Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (the ALJ is not required to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped). Here, no crucial issue remains

---

[5] *See also Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000) ("not all of the jobs in every category have requirements identical to or as rigorous as those listed in the DOT"); *Paige v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007) (DOT definitions are "simply generic that offer the maximum requirements for each position, rather than their range," and the descriptions should not be read as requirements of every job within the category); *Chismarich v. Berryhill*, 2017 WL 476408, at *5 (E.D. Mo. Feb. 6, 2017) ("a job that may include some interaction with patrons, such as that defined in DOT 323.687-014, is not inconsistent with an RFC limitation to casual and infrequent contact with others").

[6] *See* SSR 96-9P (S.S.A.), 1996 WL 374185, at *9 (July 6, 1996) (The following "mental limitations are generally required by competitive, remunerative, unskilled work: . . . responding appropriately to supervision . . .").

undeveloped because there is no evidence in the record that supports Plaintiff's contention. There is no evidence in the DOT description that the position of electronics worker would require Plaintiff to be exposed to toxic chemicals up to 1/3 of the work day; further, there is no medical evidence in the record that limits Plaintiff's exposure to chemicals. Therefore, no crucial issue remains undeveloped, and the ALJ had no duty to develop the record further. *See Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (Court rejected plaintiff's argument that the ALJ should re-contact physicians for clarification of their opinions before discounting them, and instead, found a crucial issue was not undeveloped because the ALJ did not find the medical records inadequate, unclear, or incomplete).

Accordingly, substantial evidence supports the ALJ's determination at step five that Plaintiff can perform work.

## Conclusion

On remand, the ALJ should reevaluate the evidence and further develop the record to determine whether proper weight was afforded to Dr. Vauginaux's opinion in connection with Plaintiff's mental limitations and set forth the basis for his contention that Dr. Vauginaux's treatment notes are inconsistent with his medical opinion. If the ALJ finds the same RFC on remand, then the Court would find substantial evidence supports the ALJ's finding that the Commissioner met his burden at step five.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 19, 2018